IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JAMES MILTON,**

      **Petitioner,**

    v.                                CASE NO. 04-3343-SAC

**ROGER WERHOLTZ, et al.,**

      **Respondent.**


## MEMORANDUM AND ORDER

Petitioner filed this action on court-provided forms for a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He was granted leave to proceed in forma pauperis, and his petition was liberally construed as one under 28 U.S.C. 2241 challenging the execution of his sentence rather than its validity. The court then issued an order to show cause to respondents, and the matter is currently before the court upon respondents' Motion to Dismiss.

Petitioner states in his Petition that he was convicted of aggravated robbery and cocaine possession charges in the District Court of Wyandotte County, Kansas, in 1991, and sentenced to a term of 3 to 10 years "to be served consecutively to a previously imposed aggregated sentence of 15 years to life."

Respondents contend in their motion to dismiss that this action should be dismissed because petitioner failed to file it within the one-year AEDPA statute of limitations set forth in 28 U.S.C. 2244(d)(1). They argue that the statute of limitations

for filing this 2254 petition began to run on May 4, 1996, and expired a year later on May 4, 1997. In support of this argument, they correctly allege that Milton's conviction was "final" prior to the enactment of AEDPA, and that the limitations period could have commenced upon AEDPA's enactment. However, they acknowledge that the limitations period was statutorily tolled because a state habeas action filed by Milton was pending on the date of AEDPA's enactment, which continued to be tolled until the state action was no longer pending. They allege the state action was no longer "pending" after the Kansas Supreme Court denied review on May 4, 1996, and that the limitations period commenced on that date. They further allege it ran unabated, and expired one year later on May 4, 1997.

The grounds alleged by Milton in his Petition are not clear. Ground one is that he was denied legal representation, which he claims he was entitled to "once an objection to the states criminal history report" was filed in the sentencing court, and "on appeal of the issues of sentence conversion" under K.S.A. 21-4724 (1993) of the Kansas Sentencing Guidelines Act (KSGA). Other grounds he alleges include (1) that his sentence credit has been incorrectly computed, (2) that his previously imposed sentence expired and should not be used in his sentence computation even though its maximum was life, (3) that he is being imprisoned beyond the statutory maximum sentence "in the current case," and (4) that his "current sentence" of 3 to 10 years did not begin until termination of the previous sentence "pursuant to K.A.R. 44-6-143. Having considered all materials

in the file, the court finds that this action should be dismissed as time-barred.

From the record and petitioner's own allegations it appears that this action was not filed within the one-year statute of limitations. Since petitioner is challenging the execution of his aggregated sentence, and not his convictions, the time limitation began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D). Petitioner was last sentenced in 1991, was paroled on his "prior sentence" in 1985, and the Kansas Sentencing Guidelines were enacted in 1993, all prior to AEDPA. Thus, it may be assumed that the factual predicate for petitioner's claims regarding lack of representation on "issues of sentence conversion," as well as the aggregation and computation of his sentences could have been discovered prior to enactment of AEDPA. Respondents have shown that the statute of limitations in this case, which otherwise would have begun to run on April 24, 1996, was tolled by a pending state habeas action until May 4, 1996. The record provided by respondents shows that petitioner had no post-conviction actions pending in state court from May 4, 1996 to May 10, 1999. Thus, their observation that the statute of limitations in this case ran from May 4, 1996, unabated for one year is correct. The court concludes that this action is time barred because it was not filed within the one-year statute of limitations.

Petitioner also does not make an adequate showing of

exhaustion of prison administrative remedies.  He makes the conclusory statement that he has exhausted such remedies, but he neither exhibits copies of his grievances and the administration's responses, nor describes them.

It additionally appears that the allegations in the petition only involve matters of state law, which are not grounds for federal habeas corpus relief.  Milton challenges the aggregation of his sentences as well as computation of credit on his aggregated sentence following parole violation, and the actions of prison officials on these matters taken pursuant to various state statutes and regulations.

For all the foregoing reasons, the court finds that this action should be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that respondent's motion to dismiss (Doc. 15) is sustained, and this action is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2005, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge